UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-026 JD |
| | ) | |
| ANDRE ALLAN FORBES | ) | |

## OPINION AND ORDER

The Court, having previously taken the defendant's motion for a bill of particulars under advisement, now GRANTS the motion [DE 48].

The superseding indictment charges Mr. Forbes with eight counts. Count 1 alleges that Mr. Forbes distributed cocaine on or about September 10, 2013; Counts 2–5 allege that Mr. Forbes distributed crack cocaine in 2013 on October 1, 17, 22, and 30, respectively; Count 6 alleges that Mr. Forbes possessed a firearm in furtherance of a drug trafficking crime "in or around September - October 2013"; Count 7 alleges that Mr. Forbes possessed a firearm as a felon in or around the summer of 2013 through around October 2013; and, Count 8 alleges that Mr. Forbes engaged in witness tampering.

The defendant's motion for a bill of particulars pursuant to Fed. R. Crim P. 7(f) concerns only Count 6, the § 924(c) charge. The defendant wants the government to "particularize the specific date of the drug crime that is alleged to have been furthered by a firearm" and to "particularize how and in what manner the firearm allegedly furthered the drug crime." [DE 48]. Mr. Forbes argues that while the original indictment and the discovery seemed to indicate that only one occasion in October could have served the basis for the § 924(c) charge [DE 59], now it is unclear which of the alleged acts of dealing were furthered by the possession of a firearm, and it is unclear how a firearm affected the drug crime at all. In fact, defense counsel represents that more recent discovery produced by the government indicates that one of its witnesses will testify

that he saw Mr. Forbes sell crack cocaine between 20–30 times in September and October 2013, and of those times, the witness estimates that Forbes was armed with a small black pistol between 5–15 times [DE 76].

A recent filing by the government [DE 65], supports the anticipated evidence, wherein the government indicates that the witness will testify that he saw Mr. Forbes distribute cocaine more than 100 times in 2013 up through September 2013, and that he saw Mr. Forbes carrying a firearm approximately 5–10 times while Mr. Forbes dealt cocaine and later heroin. Thus, the government argues that the various transactions from April through September 2013 may serve as direct evidence of Mr. Forbes possessing a firearm while dealing drugs in violation of § 924(c). *Id*. at 3. In the alternative, the government indicates that even if the witness's testimony of seeing Mr. Forbes possess and carry a firearm prior to September 2013 is not considered direct evidence of Mr. Forbes' 924(c) crime, it would be admissible under Rule 404(b). *Id*. at 4.

From the defense's point of view, without knowing the predicate act for the § 924(c) charge, the defendant is unable to prepare his defense, thus requiring a bill of particulars. In opposition, the government essentially argues that the superseding indictment adequately apprises Mr. Forbes of the charges against him, and that even if it did not, then the information the government has provided in discovery and through its statements to the Court has filled any gaps.

The Court agrees with the defendant. Prior to the grand jury's return of the superseding indictment, it appeared that the government's theory of the underlying predicate offense for the § 924(c) charge rested on one or more of the charges enumerated in counts 1–5 (hence the reason the Court's proposed final jury instructions [DE 26 at 19], which the government did not oppose, indicated the same). However, at the final pretrial conference held on October 9, 2014 with

respect to the superseding indictment, the government acknowledged that it no longer intended to limit the § 924(c) predicate-acts evidence to the charged transactions. Rather, given Mr. Forbes' suspected continuous possession of the same firearm since the summer of 2013, the government intends to support the § 924(c) charge with any other act of dealing that took place, even if not a charged crime. Though post-indictment discovery can obviate the need for a bill of particulars, *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991), the new evidence disclosed by the government on this topic does just the opposite. The government has also submitted a proposed jury instruction that would permit the jury to find the predicate offense to be possession with the intent to distribute, conspiracy to distribute, or conspiracy to possess with the intent to distribute. [DE 86]. Thus, it may not be a particular transaction supporting the § 924(c) charge at all, but merely an unidentified instance of possession with the intent to distribute, or an uncharged conspiracy with unknown individuals for unspecified ends. Given these developments, the case is quite different from how it stood when the Court issued its previous order relative to the bill of particulars.[1]

This degree of uncertainty cannot be countenanced, and justifies a bill of particulars. Otherwise, Mr. Forbes would be left to guess which of the potentially dozens of alleged drug deals that took place over the course of seven months will serve as the basis of the government's § 924(c) charge, or whether it is some other offense altogether, given the government's evolving theory of prosecution. This is also notable because the way in which the possession of a firearm is in furtherance of a drug transaction may be different than how it is in furtherance of the possession of drugs or of a conspiracy to distribute. In addition, without identification of the offenses that the government intends to introduce as direct evidence supporting a conviction

---

[1] Given the about-face, the Court's prior determination that Mr. Forbes had sufficient notice of the predicate offenses the government intends to prove is no longer controlling [DE 63 at 12].

under § 924(c), the Court is unable to properly shape evidentiary rulings and instruct the jury on the limited use of any Rule 404(b) evidence. The very purpose behind requiring a bill of particulars is to correct this lack of notice and the subsidiary problems it may cause. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984) ("The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.") (citation omitted).

It may be true that the government may proceed on a single § 924(c) charge supported by multiple predicate offenses. *See United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir. 2001) ("[J]ust because we find that the facts of this case permitted the government to charge Buchmeier with three sets of counts, one for each transaction, does not mean that it was required to do so."); *see also United States v. Dickerson*, 705 F.3d 683, 687 (7th Cir. 2013) (noting, without commenting on any duplicity concerns, that the § 924(c) count charged two separate predicate offenses). It may also be, as the government argues, that an indictment need not always specify a particular predicate offense. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) (noting that "an adequate § 924(c) charge need not indicate by name a particular drug trafficking offense"). However, the questions of whether the government must only proceed on one predicate and whether it must state that predicate in the indictment—neither of which it must necessarily do—are separate from the defendant's entitlement to notice of the charges against him. The government's arguments in these regards are unresponsive to whether Mr. Forbes has received sufficient notice of the government's theory behind the charge as presented to the grand jury to enable him to prepare his defense, given the many theories the government may or may

not be pursuing. *See United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) ("[A] defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.")). Accordingly, Mr. Forbes' motion for a bill of particulars [DE 48] is GRANTED as to the first request, and the government will be required to identify the specific drug trafficking crimes it intends to prove as predicates for the § 924(c) charge, including the particular offenses and their approximate dates, by the close of business on Monday, December 22, 2014.

The second request, which asks the government to "particularize how and in what manner the firearm allegedly furthered the drug crime," is not similarly justified. This request is geared more towards ferreting out the arguments the government intends to make to the jury and the evidence in support of those arguments, but those are not proper objects of a bill of particulars. *Vaughn*, 722 F.3d at 927; *Kendall*, 665 F.2d at 126. Mr. Forbes will have adequate notice of the charge against him through the indictment and the particulars ordered above, so the motion is DENIED as to this request.

Lastly, the parties have agreed that a unanimity jury instruction will be necessary in order to cure the duplicity problem created by the government's intent to proceed on multiple predicate crimes in support of the § 924(c) charge. *See Buchmeier*, 255 F.3d at 425. Therefore, the Court intends at the very least to instruct the jury that in order to convict Mr. Forbes of Count 6, it must unanimously agree that he possessed a firearm in furtherance of one of the government's identified drug trafficking crimes.

SO ORDERED.

ENTERED: December 16, 2014

                                                      /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court