UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CR-026 JD |
| | ) | |
| ANDRE ALLAN FORBES | ) | |

## **OPINION AND ORDER**

Now before the Court is the Defendant's motion to suppress. [DE 88]. Counts 1–5 of the superseding indictment charge Mr. Forbes with distributing drugs, apparently each based on a separate controlled buy with a confidential informant. After the last of those buys, which an officer recounted in an affidavit in support of a search warrant, officers applied for, received, and executed a search warrant for the premises at which the last transaction took place. During the search, they recovered a firearm, which led in part to Counts 6 and 7, which charge Mr. Forbes with possessing a firearm as a felon and possessing a firearm in furtherance of a drug trafficking crime. Mr. Forbes now moves to suppress evidence seized during the search, on the basis that the affidavit that supported the search warrant contained intentional misstatements or omissions, requiring suppression under *Franks*. For the following reasons, the motion is denied.

### **I. STANDARD OF REVIEW**

The Fourth Amendment requires that, absent certain exceptions not applicable here, police must obtain a warrant from a neutral and disinterested magistrate before commencing a search. *United States v. Robinson*, 546 F.3d 884, 887–88 (7th Cir. 2008); *Jones v. Wilhelm,* 425 F.3d 455, 462 (7th Cir.2005). No warrant shall issue unless there is probable cause, as typically set forth in a warrant affidavit, to justify the search. Probable cause is established when, considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime. *Illinois v. Gates,* 462

U.S. 213, 238 (1983); *United States v. Etchin*, 614 F.3d 726, 735 (7th Cir. 2010). Under the Supreme Court's decision in *Franks*, a court must conduct an evidentiary hearing regarding the veracity of information included in an application for a search warrant where the defendant makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The Seventh Circuit has interpreted the holding of *Franks* to also apply to omissions in affidavits. *United States v. Harris,* 464 F.3d 733, 738 (7th Cir. 2006). Therefore, a defendant may also challenge an affidavit by showing that the affiant intentionally or recklessly omitted material information. *Id.*

## II. DISCUSSION

In arguing that the search warrant was invalid and that a *Franks* hearing is warranted, Mr. Forbes focuses on one omission—a previous controlled buy attempted by the confidential informant—and one misstatement—that particular buy money would be found in the home—in the probable cause affidavit. The government argues in opposition, first, that Mr. Forbes' had no legitimate expectation of privacy in the house and lacks standing to bring this motion; second, that any misstatements or omissions in the affidavit were not necessary to the existence of probable cause; and third, that the search was conducted in good faith reliance on the issued warrant. The Court agrees with the government on the second ground, that any faults in the affidavit were immaterial to the finding of probable cause, so it need not reach the other issues.

Under *Franks*, "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." 438 U.S. at 171–72. Likewise as to omitted information, a court "examine[s] whether a hypothetical affidavit that included the omitted

2

material would still establish probable cause." *Robinson*, 546 F.3d at 888. Accordingly, in determining whether the facts at issue were material, the Court considers whether a hypothetical affidavit that includes the omitted facts and omits the false ones would have still supported a finding of probable cause.

As to the omission, Mr. Forbes argues that the affidavit should have also detailed a previous controlled buy attempted by the confidential informant that went awry. Specifically, Mr. Forbes argues that the affidavit should have included the following omitted facts:

> [P]rior to this purchase the same day, the C.I. attempted to buy crack cocaine from the defendant at 2205 South Scott Street, South Bend, Indiana. The C.I. was given $100.00 in buy money and, after the alleged transaction took place, the C.I. told the police after exiting the residence that he had dropped the crack cocaine that was purchased. The C.I. went back into the residence and attempted to look for the crack cocaine and came out empty handed to the police. The police conducted a full search of the C.I. which proved fruitless. The police then gave the C.I. $40.00 of buy money to go back in and make another purchase . . . .

[DE 82 p. 2–3]. This additional information, Mr. Forbes asserts, would have impaired the confidential informant's credibility and would have negated probable cause.

The Court disagrees, for several reasons. First, the affidavit relied very little on the confidential informant's credibility. The affidavit recites facts based on the officer's personal knowledge of the controlled buy, which was conducted in a manner that all but eliminated the informant's credibility as a factor. The affidavit states that the officer himself "met with the CI at a predetermined location," that "[o]n this occasion the CI was searched for money as well as weapons and contraband," and that "[n]o money, weapons or contraband were found." The affidavit continues:

> The CI was then transported to the area of 2205 South Scott Street. The CI then exited the vehicle and was observed as he/she walked to the east facing front door and entered the residence.
>
> The CI was then observed exiting the east facing front door of the residence and walked directly back to and entered my vehicle at a predetermined meeting place.

3

> Once in our vehicle the CI handed me a clear piece of plastic tied at one end containing a white rocklike substance, suspected "crack cocaine." .... Through my police training and experience as a narcotics investigator the rock-like substance explained is characteristic of crack cocaine and its common packaging. The only time the CI was out of your affiant's sight or Metro Special Operations Section's sight was when he/she was inside the residence of 2205 South Scott Street. Upon leaving the area, the CI was searched for any of the money I supplied, contraband and/or weapons. The search proved fruitless.
>
> Upon leaving the CI, I performed a test on a sample of the rocklike substance using a Reagent cocaine test kit. I followed the manufacturer's instructions and have performed several other similar tests. This specific test produced a positive result for the presence of cocaine.

[DE 82-1].

These details are each based on the affiant's or other officer's personal observations and are unaffected by the informant's credibility, and they independently establish probable cause to search the residence.[1] *See United States v. Currie*, 739 F.3d 960, 963 (7th Cir. 2014) (finding that the affidavit need not have included information as to the informant's credibility where it was based primarily on the officer's account of controlled buys); *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006) ("Generally, a controlled buy, when executed properly, is a reliable indicator as to the presence of illegal drug activity."); *United States v. Hendrix*, No. 09-cr-56-bbc, 2009 WL 1939136, at *2 (W.D. Wisc. July 2, 2009) ("Adding the omitted facts [relative to the informant's credibility] to Detective Grunewald's affidavit does not remove the probable cause to search [the] residence for drugs. This is because the probable cause for the warrant arises out of the CI's actual controlled drug purchase."). Therefore, because the existence of probable did not depend on the credibility of the informant, the omitted facts relative to the informant's credibility were immaterial to the issuance of the search warrant.

---

[1] The affidavit intersperses other statements by the informant, such as that Mr. Forbes retrieved the drugs from a black bag in a closet and that there was a large amount of crack cocaine in the bag, but these facts only add to the probable cause, they are not necessary to it.

Second, even to the extent probable cause turned on the informant's credibility, the affidavit contained enough other facts supporting the informant's credibility that this addition would not make a difference. The affidavit states that the informant had "proven him/her to be reliable in the past by supplying your affiant and officers of the Metro Special Operations Section with substantiated information," and that the informant's information had been verified. Specifically, the affidavit states:

> This CI has been used fourteen (14) times to purchase crack cocaine and other narcotics from three separate locations. A successful narcotics search warrant was executed at one of these locations. Each time, the items purchased by this CI were field tested and verified by testing positive for the presence of cocaine. Of the six (6) controlled purchases made by the CI two (2) were previously made at 2205 South Scott Street.

[DE 82-1 p. 2]. The informant's report that a drug transaction took place while he was inside the residence on this occasion was also corroborated by the searches of the informant before and after the controlled buy and the officers' observation of the informant entering and exit the premises. Adding to these facts a single previous controlled buy after which the informant returned with neither drugs nor the buy money does not affect the informant's credibility to a meaningful extent.

Third, these omitted facts would add about as much to the probable cause finding as they subtract. *See Robinson*, 546 F.3d at 888 (finding that a *Franks* hearing was not required where the omitted information detracted from the informant's credibility in some respects but bolstered it in others). These facts detail another drug transaction at this same property on the same day, which increases the probability that a search of the property would uncover evidence of a crime. The informant previously entered the house with $100 and left the house with neither the drugs

nor the money, but reported to officers that he had purchased crack cocaine and dropped it.[2] This would not only provide further evidence that criminal activity was taking place in this same premises, but also that the evidence of that transaction may still be located inside. Therefore, the Court does not find that this omission, if added to the affidavit, would have detracted from the existence of probable cause.

Next, as to the alleged misstatement, Mr. Forbes takes issue with the affidavit's assertion that the three particular bills the informant used as buy money were presently located at the property, even though officers had recovered those bills from Mr. Forbes' person at a traffic stop prior to the time the affidavit was signed. This portion of the affidavit describes the items the officer believes to be located at the premises such as to justify a search:

> Based upon my training and experience, it is my firm belief that there is presently located at 2205 South Scott Street in the City of South Bend, controlled substances, to wit: narcotics, crack cocaine, materials used for packaging and distributing crack cocaine, paraphernalia, ledgers of narcotics transactions that our experience has shown are used by drug dealers to record their transaction, communications devices, including but not limited to cellular phones, and contents of the memory of said communications devices, records showing evidence of domain and control, US currency bearing the following serial numbers: GK14339294A, JK51897243A, AL18433746C and other United States currency, firearms that our experience has shown are used by drug dealers to protect their US currency and drug, and any and all property related to narcotics trafficking.

[DE 8201 p. 3]. Taking out the allegedly false portion of that statement[3]—currency with the particular serial numbers—the affidavit contains ample subjects for a search, including drugs,

---

[2] The version of events that the government contends the officer would have recounted had he included this incident in the affidavit would have been even less favorable to Mr. Forbes, as the officers had monitored the transaction by audio surveillance and allegedly heard Mr. Forbes acknowledge the transaction and the presence of crack. For the purposes of deciding whether a hearing is warranted, though, the Court considers only the facts that Mr. Forbes argues should have been included in the affidavit.

[3] Mr. Forbes has arguably failed to meet his burden of making a substantial preliminary showing that any misstatements were made knowingly and intentionally, too. Mr. Forbes only attached a report by the affiant dated the day after the search, in which the affiant recounts that a different

packaging materials, ledgers, cellular phones, records showing domain and control, other currency, and firearms. The specification of the particular serial numbers, while relevant if true, was of little overall importance, and could not have affected the issuance of the warrant. Therefore, since neither this alleged misstatement nor the alleged omission was necessary to the finding of probable cause, a *Franks* hearing is not warranted.

Finally, Mr. Forbes makes a passing reference to the affidavit's statement that the controlled buy took place "within the past 48 hours," and he suggests that the information may have been stale and thus lacking in probable cause. The only case Mr. Forbes cites in support, *Sgro v. United States*, 287 U.S. 206 (1932), involved an affidavit that was three weeks old at the time the warrant was issued, and thus offers no support for Mr. Forbes' argument as a factual matter. Moreover, multiple cases have found that information 48 hours old or more could support probable cause. *E.g.*, *United States v. Sutton*, 742 F.3d 770, 772–74 (7th Cir. 2014) (finding probable cause where the informant had seen drugs in the premises "[w]ithin the last 10 days"); *United States v. Garcia*, 528 F.3d 481, 487 (7th Cir. 2008) (finding probable cause where "[t]he time lapse between the officers acquiring of the information [about drugs in the premises] and their application for the warrant—no more than 72 hours—was short"). The Court finds that the warrant was supported by probable cause and was valid, so suppression of the fruits of the warrant is not justified on that basis either.

## IV. CONCLUSION

Mr. Forbes' motion to suppress [DE 81] is DENIED.

---

officer searched Mr. Forbes at the traffic stop and that the buy money was recovered—this does not establish that the affiant knew the buy money had been recovered at the time of the traffic stop or at the time he signed the affidavit. The immateriality of the serial numbers to the existence of probable cause further cuts against a finding that any misstatement was intentional.

SO ORDERED.

ENTERED:  December 16, 2014

                                              /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court