UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-026 JD |
| | ) | 3:16-CV-350-JD |
| ANDRE ALLAN FORBES | ) | |

## OPINION AND ORDER

Defendant Andre Forbes pled guilty with the benefit of a plea agreement to seven of the eight charges in the superseding indictment and received a total sentence of 216 months imprisonment. Forbes admitted to distributing cocaine on or about September 10, 2013 (count 1); distributing crack cocaine in 2013 on October 1, 17, 22, and 30 (counts 2–5, respectively); possessing a firearm as a felon in or around the summer of 2013 through October 2013 (count 7); and engaging in witness tampering (count 8). In exchange for pleading guilty, the government agreed to dismiss count 6, which charged Forbes with possessing a firearm in furtherance of a drug trafficking crime "in or around September - October 2013"—a conviction for which would have required Forbes to be sentenced to an additional twenty-five years (up to life) imprisonment under 18 U.S.C. § 924(c)(1)(C)(i) given his previous 2010 conviction under § 924(c).

With respect to count 6, defense counsel successfully sought a bill of particulars [DE 91]. In response, the government indicated they intended to prove that the underlying predicate crime for the § 924(c) charge included over 126 federal drug trafficking crimes committed by Forbes while armed during the specified time frame [DE 98]. The undersigned entered an order directing the government to show cause for why count 6 of the superseding indictment should not be dismissed for failing to adequately apprise Forbes of the nature of the charge [DE 103-1]. The same order indicated that because the defendant did not contest that counts 1-5 could serve

as predicates, count 6 could be properly limited to those specified predicates. The following day, Forbes entered into the plea agreement [DE 105] which resulted in the dismissal of count 6 and his ultimate sentence.

Despite the fact that Forbes' plea agreement contained an appeal waiver, he filed a direct appeal which was dismissed after appointed counsel sought to withdraw the appeal as frivolous. *United States v. Forbes*, 637 F. App'x 229 (7th Cir. 2016). Forbes then filed a timely petition pursuant to 28 U.S.C. § 2255 which has been fully briefed by the parties [DE 139, 144, 146, 148][1] and raises a number of issues mainly under the rubric of ineffective assistance of counsel since the appeal waiver excepted such claims.[2]

I. Standard of Review

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice*." Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255

---

[1] Notably, Forbes' filings were submitted under the penalty of perjury and are considered evidence [DE 139, 144]. *See Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010).

[2] Forbes waived "my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." [DE 105 at ¶ 9(d)].

motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). Consequently, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## II. Discussion

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his attorney performed deficiently—that the representation was incompetent and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). Second, a defendant must show that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Forbes cannot make this showing here.

Forbes suggests that his defense attorney, Mr. Soliday, forced him to enter into the plea agreement by threatening him with a possible sentence of up to life if he didn't accept the plea, and advising him that he would then only be facing a maximum sentence of five years if he accepted the plea [DE 139 at 5, 10-11]. He further contends that Mr. Soliday was ineffective by failing to incorporate into the plea agreement a stipulation about the drug quantity to be used in

3

setting the base offense level for purposes of calculating the guidelines [DE 139 at 17]. Forbes also argues that Mr. Soliday later failed to contest the relevant drug quantity at sentencing and failed to be prepared to challenge the credibility of the government's sentencing witness, Agent Sheldon Scott [DE 139 at 5-6, 13-17]. Lastly, Forbes alleges that Mr. Soliday failed to advise him of the Court's show cause order with respect to count 6, which Forbes believes showed that count 6 was "faulty" [DE 139 at 11]. Forbes contends that had he been properly advised about the plea, he would not have signed the plea agreement or would have made counsel withdraw it, and he would have gone to trial [DE 139 at 19-20]. Contrary to those assertions, the relief Forbes seeks is a reduction in his sentence.

As to Forbes' assertion that Mr. Soliday improperly threatened him with a possible sentence of life if he didn't accept the plea—this argument is quickly rejected. While Forbes may have viewed such information as threatening, defense counsel's cautioning Forbes as to his maximum potential sentence of incarceration was completely appropriate given that absent the dismissal of the pending § 924(c) charge (count 6), Forbes would have faced a potential life sentence under that statute.

As to the other claims, Forbes' assertions under oath at the change of plea hearing belie many of his complaints about his attorney. Forbes' plea agreement properly indicated the maximum jail terms that could be imposed on each count, confirmed that he was offering his plea of guilty "freely and voluntarily and of [his] own accord" with no promises made to him other than those contained in the plea agreement including no promises with respect to "the specific sentence that will be imposed," and that he had not been "threatened in any way by anyone to cause [him] to plead guilty" [DE 105]. At the change of plea hearing, Forbes was advised of the nature of the charges and the possible penalties [DE 131 at 3-20]. With respect to

the maximum penalties for imprisonment, Forbes was explicitly advised that the total possible sentence for all of the counts was 180 years [DE 131 at 19]. Forbes advised the Court that he understood the possible penalties [DE 131 at 20]. Forbes admitted that he had discussed the sentencing guidelines with Mr. Soliday and that he understood the actual guideline range could not be determined until probation prepared a presentence investigation report [DE 131 at 25-26]. Forbes explicitly acknowledged that he knew his sentence could be greater or lesser than the advisory guideline sentencing range and could be different than predicted by his attorney [DE 131 at 26-27]. Not only did Forbes confirm that he understood all of the terms of his plea agreement [DE 131 at 22], but on two occasions Forbes responded affirmatively to separate inquiries by the Court that he was entering the plea agreement freely and voluntarily, without having been forced or threatened into signing the agreement, and without promises made other than those contained in the plea agreement [DE 131 at 21-22, 27].

Forbes has provided no explanation for overriding his sworn statements made when entering his guilty plea and he cannot create an issue of fact as to his counsel's advice (or as to the voluntariness of his plea for that matter) by simply contradicting these admissions now in his § 2255 petition. As reasoned in *Hutchings*, "[j]ustice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [defendant] to renege on his representations under oath to the district court that there were no promises made to him to induce his guilty plea." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *see also*, *Wyatt v. United States*, 574 F.3d 455, 458-59 (7th Cir. 2009); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[j]udges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). As the Seventh

Circuit noted in dismissing Forbes' appeal, Forbes lacks a basis to challenge the voluntariness of his guilty plea given substantial compliance with Rule 11. *United States v. Forbes*, 637 F. App'x 229 (7th Cir. 2016) (granting counsel's motion to withdraw consistent with *Anders*). In light of the record evidence and Forbes' statements made under oath at the plea hearing, Forbes cannot now complain that his plea was based on coercion or misrepresentations by his attorney that he would face a lesser sentence. *See United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) ("Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are . . . entitled to 'a presumption of verity.'") (quoting *United States v. Pike*, 211 F.3d 385, 389 (7th Cir. 2000)).

As to the contents of Forbes' plea agreement and the fact that it did not contain a particular stipulation with respect to the drug quantity [DE 139 at 17; DE 148 at 10-12], Forbes knew this before pleading guilty. At the change of plea hearing, Forbes acknowledged reading the entirety of the plea agreement, having discussed it with his attorney, and understanding the terms of the plea agreement [DE 131 at 21-22]. He further acknowledged having contemplated the sentencing guidelines with his attorney, and understanding that the ultimate sentence could not be determined until after preparation of the presentence report which could then result in a sentence higher than the guideline range and different than estimated by his attorney [DE 131 at 25-27]. Again, Forbes made these affirmations under oath, and the Court is entitled to rely on them. *See United States v. Weathington*, 507 F.3d 1068, 1072 (7th Cir. 2007) ("Representations made by a defendant at a Rule 11 plea colloquy are presumed true."). This is especially the case where Forbes has provided no explanation for his contradictory assertions in the petition.

Moreover, Forbes is no stranger to the federal sentencing process. In particular, Forbes was previously sentenced based on relevant drug quantities in case 3:10-cr-2-RM after he

sustained convictions for possessing with intent to distribute crack cocaine and possessing a firearm in furtherance of that crime [3:10-cr-2-RM, DE 13, 15]—a case in which the parties explicitly recommended in the plea agreement that Forbes "be held accountable for relevant conduct of 15 grams of crack cocaine (seven grams minimum per week for two weeks)" [3:10-cr-2-RM, DE 30, ¶ 9(k)]. Later, Forbes' sentence was reduced under 18 U.S.C. § 3582(c)(2) based on a sentencing range concerning drug quantities that had been lowered and made retroactive. Ultimately, nothing in the present record suggests that the absence of an agreement as to drug quantity in this particular case came as a surprise to Forbes or somehow was the result of deficient performance by defense counsel.

And aside from Forbes' assertions to the contrary [DE 139 at 5-6, 13-17], the record reflects that Mr. Soliday *did* contest the amount of drugs attributed to Forbes for sentencing purposes and Mr. Soliday *did* question the reliability of Agent Scott's testimony (which was introduced by the government to support its version of Mr. Forbes' extensive drug dealing, use of a firearm, and intended involvement in a robbery). Mr. Soliday posed explicit objections to the portions of the presentence investigation report delineating the frequency of drug sales, the drug amounts, and the time frame that was attributed to Forbes' drug trafficking [DE 113, 119]. Mr. Soliday contended that Forbes should be sentenced based on the drug quantity from the controlled buys which formed the basis of the counts of conviction (counts 1-5). Mr. Soliday similarly objected to the presentence investigation report's inclusion of relevant conduct unrelated to drug dealing, i.e., Forbes telling a confidential informant that he would "reach under this seat" for a gun and his alleged personal involvement in a future "lick" (or drug robbery). *Id*. At the sentencing hearing, Mr. Soliday continued to contest the drug quantity and that relevant conduct.

7

Mr. Soliday's objections resulted in an evidentiary hearing and factual findings made by the Court [DE 134]. To recap, after Agent Scott testified about having interviewed various witnesses to Forbes' drug dealing, including Adam Rushton, Kentrece Crawford, Sha'quell Granderson, and Darnell Perry, Mr. Soliday questioned the veracity of the agent's testimony by exposing the fact that the second round of interviews were not recorded and several of the witnesses likely hoped to receive some benefit from their testimony. Mr. Soliday even called Forbes and his mother to the stand and had them challenge the relationships that the confidential informant and Agent Scott's interviewees had with Forbes. While testifying, Forbes denied selling drugs prior to September 2013 and to selling "a couple hundred dollars" worth of drugs on a daily basis. Forbes also denied that his comment about "reaching under the seat" during one of his drug transactions with the confidential informant meant that he had a gun, and he disclaimed having any intended personal involvement with respect to a possible drug "lick." In objecting to the presentence investigation report's identified relevant conduct and presenting evidence during the sentencing hearing, defense counsel demonstrated his well-versed knowledge of the facts. The fact that defense counsel's vigorous arguments and Forbes' testimony were rejected by this Court, does not make defense counsel ineffective.

To the extent Forbes argues that Mr. Soliday should have been better prepared to pose further cross-examination or introduce other evidence (such as, previous recorded statements of those interviewed by Agent Scott), Forbes fails to identify the precise information that would have been yielded, and hasn't submitted affidavits from any of those witnesses indicating that they would testify in a particular manner benefitting Forbes. *See Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) ("a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise

8

information, that is, 'a comprehensive showing as to what the investigation would have produced.") (citation omitted); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (noting that a defendant "cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). The Court has only Forbes' word that the witnesses would have "given the court a different prospective of movant" [DE 139 at 14], which is not sufficient to support an ineffective assistance claim. *Id*.

Lastly, Forbes seems to suggest that Mr. Soliday was ineffective for failing to advise him of the Court's show cause order. Forbes contends that had he been properly advised about the plea then he would have gone to trial [DE 139 at 19-20].

Forbes' argument is without merit for several reasons. Even assuming counsel did not advise Forbes about the Court's show cause order, Forbes incorrectly assumes that the order indicated that the § 924(c) charge could not have been prosecuted at all. Rather, the Court's order allowed the government to show cause for any deficiency, and it even allowed Forbes to waive any such deficiency by proceeding with counts 1-5 serving as the possible predicate offenses for the § 924(c) charge. *See, e.g., United States v. Cotton*, 535 U.S. 625 (2002) (defects in an indictment do not deprive a district court of jurisdiction to adjudicate a criminal case). Ultimately, if Forbes hadn't pled guilty, nothing prevented the government from pursuing the § 924(c) charge or superseding the indictment to provide adequate notice of the underlying predicate offense for the § 924(c) charge. In fact, the government might have indicted numerous § 924(c) charges premised upon the predicate offenses listed in its bill of particulars. Thus, the effect of Forbes' entering into the plea agreement, which required the government to dismiss the § 924(c) charge altogether, effectively foreclosed the government's ability to re-prosecute this claim (and a host of others) which would have exposed Forbes to at least an additional

9

mandatory minimum consecutive sentence of twenty-five years imprisonment. It does not stand that Mr. Soliday's performance was deficient if he did not communicate to Forbes that the § 924(c) was "faulty." The government was not precluded from pursuing that prosecution.

Additionally, Forbes has failed to prove that he suffered prejudice. A "mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *United States v. Fudge*, 325 F.3d 910, 924 (7th Cir. 2003), *see also Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). Forbes offers no evidence, other than his averment that but for trial counsel's advice, he would have gone to trial. Moreover, this assertion is belied by the fact that Forbes merely seeks a reduction in his sentence, as opposed to a trial. This makes sense given the government's previous intention to pursue at least one § 924(c) charge, if not a multitude of them. Because a defendant is required to establish through objective evidence that a reasonable probability exists that he would have gone to trial, Forbes' sole assertion that he would have proceeded to trial is not sufficient to show prejudice under *Strickland*. *See id*. Thus, the Court rejects his ineffective assistance claim.

B. Criminal History—Crimes of Violence

Falling outside of the rubric of ineffective assistance, Forbes claims that during sentencing he had prior convictions which were improperly considered "crimes of violence" and he was wrongly classified as an "Arm career" (sic), for which he seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015) [DE 139 at 5]. Forbes is mistaken.

In *Johnson*, the Supreme Court invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c), as formerly used in U.S.S.G. §§ 4B1.1 and 4B1.2(a). However, Forbes' guideline range was determined on the basis of drug quantity and use of a

dangerous weapon under U.S.S.G. § 2D1.1, as well as obstructive conduct under U.S.S.G. § 3C1.1. His sentence was not affected by any designated "crime of violence." Moreover, Forbes was not sentenced under the Armed Career Criminal Act, and his sentencing range under the guidelines was not affected in any way by any prior convictions for crimes of violence. Therefore, *Johnson* had no effect on Forbes' sentence and any relief sought in this respect is denied.

For those reasons, the Court finds that it plainly appears from the motion and the record of prior proceedings that Forbes is not entitled to relief. Accordingly, the Court DENIES the petition under § 2255 [DE 139].

C. Certificate of Appealability & Appointment of Counsel/Request for Documents

The Court likewise DENIES the issuance of a certificate of appealability, as Forbes' claims are not sufficient to deserve encouragement to proceed further, and their resolution is not debatable.

The Court advises Forbes that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Forbes that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

Finally, Forbes has submitted a motion in which he requests appointed counsel and various unidentified transcripts or documents relating to this case, so that he might have a "better chance of fully developing his issues." [DE 144]. The Seventh Circuit has repeatedly held that "a prisoner seeking a sentence reduction does not have a right to appointed counsel." *United States v. Johnson*, 304 F. App'x 464, 465 (7th Cir. 2008) (citing *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007); *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)); *see also LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967) ("We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights."). Moreover, Forbes has not identified exactly what documents he needs, nor has he specifically identified how those documents would further his cause. In the present case, the Court has indicated that Forbes' claims are simply without merit, and the appointment of counsel or access to additional documents would be to no avail. Based on these circumstances, the Court DENIES Forbes' request for counsel and additional documents or transcripts [DE 144].

SO ORDERED.

ENTERED: February 9, 2017

　　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court